FILED
JAN 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. RABBI K.A. ISRAEL,  )
also known as K. GARTH RICHARDSON, )
                       )
        Plaintiff,     )
                       )
    v.                 )  Civil Action No.   08 0121
                       )
CIRCUIT COURT OF COOK  )
COUNTY, ILLINOIS, *et al.*, )
                       )
        Defendants.    )

## TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the Northern District of Illinois.

It appears that plaintiff is being sued in the Circuit Court of Cook County, Illinois. This civil action appears to be plaintiff's attempt to remove the action to a federal district court.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S.

235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Plaintiff and all but one of the parties are in Illinois, and the events giving rise to the action appear to have occurred in Illinois. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the Northern District of Illinois.

SO ORDERED.

United States District Judge

Date: January 15, 2008